Order Filed on April 16, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| *In re*<br>**UNITED SITE SERVICES, INC.** *et al.*,[1]<br>Reorganized Debtors. |

Case No. 25-23630 (MBK)

Chapter 11

(Jointly Administered)

**Related to Dkt. No. 413**

## FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

The relief set forth on the following pages, numbered (3) through (7), is **ORDERED**.

**DATED: April 16, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the tax identification number of United Site Services, Inc. are 3387. A complete list of the Reorganized Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), with each one's tax identification number, principal office address and former names and trade names, is available on the website of the Reorganized Debtors' noticing agent at www.veritaglobal.net/USS. The location of the principal place of business of United Site Services, Inc., and the Reorganized Debtors' service address for these Chapter 11 Cases is 2487 W Navigator Drive, 3rd Floor, Meridian, ID 83642.

(Page 2)
Reorganized Debtors: United Site Services, Inc. *et al.*
Case No.:            25-23630 (MBK)
Caption of Order:      Final Decree Closing Certain of the Chapter 11 Cases

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY  10001
Telephone:     1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

- and -

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ  07601
Telephone:     1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtors*

(Page 3)
Reorganized Debtors: United Site Services, Inc. *et al.*
Case No.:          25-23630 (MBK)
Caption of Order:     Final Decree Closing Certain of the Chapter 11 Cases

Upon the motion (the "**Motion**")[1] of the above-captioned reorganized debtors (collectively, the "**Reorganized Debtors**") for entry of a final decree (this "**Final Decree**") closing each of the Reorganized Debtors' Chapter 11 Cases other than the Remaining Case; and the Court having jurisdiction to decide the Motion and to enter this Final Decree pursuant to 28 U.S.C. § 1334; and these Chapter 11 Cases having been referred to this Court by standing order of the U.S. District Court for the District of New Jersey; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b) upon which this Court may enter a final order consistent with Article III of the U.S. Constitution; and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, such that no other or further notice is required or necessary under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and in the record establish just cause for entry of this Final Decree; it is hereby **ORDERED** that:

1.      The Motion is **GRANTED** as set forth herein.

2.      The following Affiliate Cases are hereby closed and a final decree is granted effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Affiliate Debtor | Case No. |
|---|---|
| Johnny on the Spot, LLC | 25-23638 |
| Northeast Sanitation, Inc. | 25-23637 |
| PECF USS Intermediate Holding III Corporation | 25-23632 |
| Portable Holding Corporation | 25-23633 |
| Portable Intermediate Holding Corporation | 25-23634 |
| Portable Intermediate Holding II Corporation | 25-23635 |
| Russell Reid Waste Hauling and Disposal Service Co., Inc. | 25-23629 |
| United Site National Services Company | 25-23638 |
| United Site Services, Inc. | 25-23630 |

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

(Page 4)
Reorganized Debtors: United Site Services, Inc. *et al.*
Case No.:            25-23630 (MBK)
Caption of Order:        Final Decree Closing Certain of the Chapter 11 Cases

| Affiliate Debtor | Case No. |
|---|---|
| United Site Services Northeast, Inc. | 25-23639 |
| United Site Services of California, Inc. | 25-23640 |
| United Site Services of Colorado, Inc. | 25-23641 |
| United Site Services of Florida, LLC | 25-23642 |
| United Site Services of Louisiana, Inc. | 25-23643 |
| United Site Services of Maryland, Inc. | 25-23644 |
| United Site Services of Mississippi, Inc. | 25-23645 |
| United Site Services of Nevada, Inc. | 25-23646 |
| United Site Services of Texas, Inc. | 25-23647 |
| USS Ultimate Holdings, Inc. | 25-23636 |
| Vortex Holdco, LLC | 25-23648 |
| Vortex Opco, LLC | 25-23649 |

3.      The Remaining Case of PECF USS Intermediate Holding II Corporation, Case No. 25-23631 (MBK) shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

4.      All Remaining Matters, including claims reconciliation with respect to claims against any Reorganized Debtor, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case, and the Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases. For the avoidance of doubt, nothing herein shall modify the rights or responsibilities of the Reorganized Debtors with respect to the Remaining Matters.

5.      The clerk shall designate on the docket of each Affiliate Case that the Chapter 11 Cases are now being administered under the Remaining Case. The Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of PECF USS Intermediate Holding II Corporation, Case No. 25-23631 (MBK). The docket in Case No. 25-23631 (MBK) should be consulted for all matters affecting this case.

(Page 5)
Reorganized Debtors: United Site Services, Inc. *et al.*
Case No.:             25-23630 (MBK)
Caption of Order:       Final Decree Closing Certain of the Chapter 11 Cases

6.      The case caption of PECF USS Intermediate Holding II Corporation, Case No. 25-23631, shall be amended so that the footnote provides:

> The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019.  PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK).  The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, 3rd Floor, Meridian, ID 83642.

7.      Verita Global, the Reorganized Debtors' claims and noticing agent, shall continue to make the Court docket for United Site Services, Inc., Case No. 25-23630 (MBK), publicly available on Verita Global's case-specific website for these cases until PECF USS Intermediate Holding II Corporation's chapter 11 case is closed, dismissed, or converted.

8.      Subject to paragraph 55 of the Confirmation Order entered on February 27, 2026, at Docket No. 344 of the United Site Services, Inc. case, the Reorganized Debtors shall file quarterly reports through date of entry of the Final Decree and pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases within forty-five (45) days after the date of entry of the Final Decree, subject to further extensions with prior written agreement between the Reorganized Debtors and the U.S. Trustee (email being sufficient); *provided* that, for the avoidance of doubt, effective as of the date of entry of the Final Decree, no further quarterly U.S. Trustee fees shall be due and payable by the Reorganized Debtors of the Affiliate Cases. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B); *provided further*, *however*, that nothing in this Order shall waive, release, or otherwise discharge the Reorganized Debtors' obligation to pay quarterly fees under 28 U.S.C. § 1930(a)(6)(A) and (B) in any Affiliate Case that is subsequently reopened.

9.      Subject to paragraph 55 of the Confirmation Order entered on February 27, 2026, at Docket No. 344 of the United Site Services, Inc. case, the Reorganized Debtors shall report quarterly disbursements for the Remaining Case in post confirmation reports, and quarterly fees

(Page 6)
Reorganized Debtors: United Site Services, Inc. *et al.*
Case No.:                25-23630 (MBK)
Caption of Order:        Final Decree Closing Certain of the Chapter 11 Cases

will be paid when due and payable under 28 U.S.C. § 1930(a)(6)(A)–(B) pending the entry of a final decree by this Court closing the Remaining Case.

10.     Entry of this Final Decree is without prejudice to (a) the rights of the Debtors, the Reorganized Debtors, or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors or any entity authorized pursuant to the Plan, as applicable, to (i) commence, prosecute, and/or resolve any claims filed against any Debtor, any Reorganized Debtor, or any other person in these Chapter 11 Cases, or (ii) object to claims filed against any Debtor or Reorganized Debtor. This Final Decree shall have no effect whatsoever on any contested matter, adversary proceeding, or other matters pending before this Court, as provided in the Plan of Reorganization and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of any Reorganized Debtor, or any entity authorized pursuant to the Plan, as applicable, to file an objection to a claim against or interest in any Reorganized Debtors' Chapter 11 Cases shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Debtor or Reorganized Debtor. Any objections to claims against or interests in the Debtors or the Reorganized Debtors may be filed, administered, and adjudicated in the Remaining Case.

11.     Notwithstanding entry of this Final Decree, in accordance with the applicable provisions of the Plan of Reorganization, which were incorporated into and made part of the Confirmation Order, the Debtors and the Reorganized Debtors, as applicable, shall be entitled to prosecute claims and defenses, make distributions, and attend to other affairs on behalf of each of the other former Debtors as if such former Debtors' estates continued to exist.

12.     Notwithstanding the entry of this Final Decree or 11 U.S.C. § 550(f), the closing of the Affiliate Cases shall not affect the rights of the Debtors and the Reorganized Debtors, as applicable, including, without limitation, in connection with (a) commencing or maintaining any action, claim, or proceeding, and/or (b) actions, claims, or proceedings to recover from any transferee or any subsequent transferee (in each case to the extent consistent with the Plan of Reorganization and the Confirmation Order).

(Page 7)

Reorganized Debtors: United Site Services, Inc. *et al.*

Case No.:          25-23630 (MBK)

Caption of Order:     Final Decree Closing Certain of the Chapter 11 Cases

13.     Notice of the Motion as described therein shall be deemed good and sufficient notice of the Motion and the relief requested therein, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

14.     Notwithstanding any provision of the Bankruptcy Rules or Local Rules, this Final Decree shall be effective and enforceable immediately upon its entry.

15.     The Reorganized Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Final Decree.

16.     Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

17.     The Court retains jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Final Decree.